UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LELAND WOODS, | ) | CASE NO. 1:07 CV 2855 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FRAN PORTER, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 20, 2007, *pro se* plaintiff Leland Woods filed this action under 42 U.S.C. § 1983 against Fran Porter, Keith Shaw, "Patterson," "Hunter," "Gillum," and the Ohio Penal Industries at the Mansfield Correctional Institution. In the complaint, plaintiff alleges he was terminated from his prison employment on the basis of race. He seeks $ 2,300,000.00.

**Background**

Mr. Woods is an Ohio prisoner currently confined in the Mansfield Correctional Institution. He states that the "defendants named herein, is [sic] legally responsible for hiring, operations and employment policies and practices at the Ohio Penal Industries located at the Mansfield Correctional Institution, in Mansfield, Ohio." (Compl. at 3.) He indicates that these practices:

> were and continue to be in form and function, intentionally designed to operate or enforce arbitrary and capricious selection and disqualification of black employees with discriminatory purposes, at

> a substantially higher rate than white Ohio Penal Industries employees, as a long-standing practice or policy of giving or providing dissimilar job protection or security for white employees, situated as Ohio Penal Industries members of the protected or secured class.

(Compl. at 4.)

It appears that Mr. Woods was accused of theft of an item from his work area and was terminated from his job with the Ohio Penal Industries in the Mansfield Correctional Facility. While Mr. Woods does not deny removing the item in question, he claims that other Caucasian employees have taken things from the work area and did not receive as harsh a sanction as termination from employment. Mr. Woods, an African American, claims that he was fired because of his race.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

dismissed pursuant to §1915(e).

As an initial matter, Mr. Woods does not identify the official position of any of the individual defendants and does not mention any of them by name in the body of the complaint. He includes only conclusory allegations against them as a group. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate any of these particular defendants to the specific allegations set forth by plaintiff.

Moreover, it appears that Ohio Penal Industries is named as a defendant in this matter solely because it employs or supervises the person or persons who made the decision to terminate Mr. Woods's employment. "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. *Id.* Liability must lie therefore upon more than a mere right to control employees and cannot rely on simple negligence. *Id.* The plaintiff must show that the employer somehow encouraged or condoned the actions of its subordinates. *Id.*; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). There is no allegation which suggests that this branch of Ohio Penal Industries engaged in such conduct.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.[2]

       IT IS SO ORDERED.


                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            UNITED STATES DISTRICT JUDGE

Dated: 12/4/07

---

[2]   28 U.S.C. § 1915(a)(3) provides:

       An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.